IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILFREDO BALCE, | |
| Plaintiff, | No. C 07-01090 JSW |
| v. | |
| LUCKY CHANCES, INC, | **ORDER DENYING CROSS-MOTIONS FOR SUMMARY ADJUDICATION** |
| Defendant. | |

Now before the Court are the cross-motions for summary judgment filed by plaintiff Wilfredo Balce ("Balce") and defendant Lucky Chances, Inc. ("Lucky Chances"). The Court finds that these matters are appropriate for disposition without oral argument and are hereby deemed submitted. *See* Civ. L.R. 7-1(b). Accordingly, the hearing set for February 29, 2008 is HEREBY VACATED. Having considered the parties' pleadings and the relevant legal authority, the Court hereby denies the cross-motions for summary adjudication.[1]

**BACKGROUND**

Balce is a former employee of Lucky Chances and has filed this action to recover overtime wages. Lucky Chances filed a motion for summary adjudication on Balce's claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Lucky Chances argues that the FLSA is inapplicable because none of its employees are engaged in interstate commerce. Balce filed a cross-motion for summary adjudication on the issue of whether, as a

---

[1] The Court need not rule Lucky Chance' evidentiary objections because the Court did not need to consider such evidence in order to resolve the parties' cross-motions for summary judgment.

lead security person, he was an exempt employee under California law. The Court shall address additional facts as necessary to its analysis in the remainder of this Order.

## ANALYSIS

**A.      Legal Standards Applicable to Motions for Summary Judgment.**

A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 732, 735 (9th Cir. 1997).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if it may affect the outcome of the case. *Id.* at 248. If the party moving for summary judgment does not have the ultimate burden of persuasion at trial, that party must produce evidence that negates an essential element of the non-moving party's claims, or that party must show that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party meets his or her initial burden, the non-moving party must go beyond the pleadings and, by its own evidence, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

In order to make this showing, the non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275,

1279 (9th Cir. 1996). In addition, the party seeking to establish a genuine issue of material fact must be sure to point a court to the evidence precluding summary judgment because a court is "'not required to comb the record to find some reason to deny a motion for summary judgment.'" *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001) (quoting *Forsberg v. Pacific Northwest Bell Telephone Co.*, 840 F.2d 1409, 1418 (9th Cir. 1988)). If the non-moving party fails to point to evidence precluding summary judgment, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

**B.  Questions of Fact Precludes Summary Adjudication in Favor of Lucky Chances.**

Lucky Chances argues the FLSA is inapplicable, and thus Balce's FLSA claim fails, because neither Balce nor Lucky Chances were engaged in interstate commerce while Balce was an employee. Employees who are "engaged in commerce" or "in the production of goods for commerce" are entitled to protection under the FLSA. 29 U.S.C. §§ 206(a), 207(a)(1). The FLSA was amended in 1961 and 1974 to expand coverage to all employees of an "enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206. The statute defines "enterprise engaged in commerce or in the production of goods for commerce" as: "an enterprise that has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person." 29 U.S.C. § 203(s)(1)(A)(i).

The Ninth Circuit made clear in *Donovan v. Scoles*, 652 F.2d 16, 18 (9th Cir. 1981) that the scope of enterprise coverage under the FLSA applies to businesses engaged in purely intrastate activities if their employees handle goods that have moved in interstate commerce. As the court explained, the statutory language "imposes no requirement that the goods have a present involvement in interstate commerce when they are handled or sold. Instead [the statute covers] all employees within the stream of commerce of such goods, even if their own participation remains purely intrastate." *Id*. at 18-19. "Since 1974, courts facing [this] issue ... have unanimously come to the same conclusion: local business activities fall within the reach of the FLSA when an enterprise employs workers who handle goods or materials that have moved

3

or been produced in interstate commerce." *Radulescu v. Moldowan*, 845 F. Supp. 1260, 1264 (N.D. Ill. 1994); *see also Donovan v. Pointon*, 717 F.2d 1320, 1322-23 (10th Cir. 1983) (finding it immaterial that defendant may have acquired goods and materials from within the state because the critical issue was whether the goods and materials handled by its employees had moved in interstate commerce). Lucky Chances has not provided any controlling law to the contrary.

Balce has submitted a menu from Lucky Chances' café which indicates that the restaurant sells imported beer. (Declaration of Mark C. Thomas, Ex. C.) This evidence is sufficient to create a question of material fact which precludes summary adjudication as to whether some of Lucky Chances's employees handle or sell good that have moved in interstate commerce. Accordingly, the Court denies Lucky Chances' motion for summary adjudication.

**C.     Questions of Fact Precludes Summary Adjudication in Favor of Balce.**

Balce moves for summary adjudication on the issue of whether he was exempt from California's overtime compensation requirements when he was employed by Lucky Chances. Lucky Chances has maintained that Balce met the requirements of the executive exemption and, thus, was not required to provide him overtime compensation and other benefits. California law exempts certain categories of employees from the overtime compensation requirements if certain requirements are satisfied. Cal. Lab. Code § 515. The requirements for the executive exemption are as follows:

> (1) Executive Exemption[:] A person employed in an executive capacity means any employee:
> (a) Whose duties and responsibilities involve the management of the enterprise in which he/she is employed or of a customarily recognized department or subdivision thereof; and
> (b) Who customarily and regularly directs the work of two or more other employees therein; and
> (c) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of other employees will be given particular weight; and
> (d) Who customarily and regularly exercises discretion and independent judgment; and
> (e) Who is primarily engaged in duties which meet the test of the exemption. The activities constituting exempt work and non-exempt work shall be construed in the same manner as such items are construed in the following regulations under the Fair Labor Standards Act effective as of the date of this order: 29 C.F.R. Sections 541.102, 541.104-111, and 541.115-116. Exempt work shall include, for example,

4

> all work that is directly and closely related to exempt work and work which is properly viewed as a means for carrying out exempt functions. The work actually performed by the employee during the course of the workweek must, first and foremost, be examined and the amount of time the employee spends on such work, together with the employer's realistic expectations and the realistic requirements of the job, shall be considered in determining whether the employee satisfies this requirement.
> (f) Such an employee must also earn a monthly salary equivalent to no less than two (2) times the state minimum wage for full-time employment. Full-time employment is defined in Labor Code Section 515(c) as 40 hours per week.

8 Cal. Admin. Code § 11100(1)(A)(1).

Lucky Chances bears the burden of demonstrating Balce was an exempt employee. *See Sav-On Drug Stores, Inc. v. Sup. Ct.*, 34 Cal. 4th 319, 338 (2004). Balce argues that Lucky Chances cannot demonstrate three of the above requirements: (1) authority to hire and fire employees; (2) exercise of discretion and independent judgment; and (3) primarily engaged in duties which meet the test of the exemption. The Court will evaluate Lucky Chances' showing of these three requirements in turn.

### 1. Authority to Hire and Fire Employees.

To show that Balce was exempt under the executive exemption, Lucky Chances must show that Balce had "authority to hire or fire other employees" or show that his "suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of other employees [were] given particular weight." 8 Cal. Admin. Code § 11100(1)(A)(1)(c). Lucky Chances does not dispute that Balce was not authorized to hire or fire other employees. Rather, Lucky Chances contends that his suggestions and recommendations as to hiring, firing, advancement and promotions were given particular weight. In support of this proposition, Lucky Chances submits testimony from Balce's supervisor, Michael Scott. (Declaration of C. Judith Johnson ("Johnson Decl."), Ex. 15 (Deposition of Michael G. Scott at 39:6-42:25); Declaration of Michael G. Scott ("Scott Decl."), ¶¶ 7(b), 7(c).) Mr. Scott testified that Balce was expected to and did recommend whom to hire, promote, suspend, demote, or terminate. (Scott Decl., ¶ 7(b).) According to Mr. Scott, he typically deferred to the judgments of the security leads, such as Balce, on matters of discipline and termination, and frequently asked for Balce's input and recommendations

regarding raises for the security officers Balce supervised. (Scott Decl., ¶¶ 7(b), 7(c).) Lucky Chances also submits declarations from security officers who overheard Balce tell other security officers to thank him for getting them a raise. (Declaration of Jeffrey Perofeta ("Perofeta Delc."), ¶ 13; Declaration of Andy Soi ("Soi Decl."), ¶ 11.) Such testimony raises an inference that Balce's recommendations or suggestions regarding raises were given particular weight. The Court finds that the evidence submitted by Lucky Chances is sufficient to create a question of material fact as to whether Balce's "suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of other employees [were] given particular weight."

### 2. Exercise Discretion and Independent Judgment.

Lucky Chances must also demonstrate that Balce "customarily and regularly exercise[d] discretion and independent judgment." 8 Cal. Admin. Code § 11100(1)(A)(1)(d). Balce argues that Lucky Chances must demonstrate that he exercised discretion and independent judgment "on matters of significance." However, the only authority Balce cites, and the Court found, with respect the added requirement that the discretion and independent judgment be exercised on "matters of significance" relate to an exemption which is not at issue here - the administrative exemption. Therefore, the Court will not impose this added requirement.

Again, the Court finds that the evidence submitted by Lucky Chances is sufficient to create a question of material fact as to whether Balce exercised discretion and independent judgment. (Declaration of Linda Chatman ("Chatman Decl."), Exs. 1, 3, 4, 7, 8, 10; Scott Decl., ¶¶ 4, 6, 7(f), 8.)

### 3. Primarily Engaged in Exempt Duties.

Finally, Lucky Chances must demonstrate that Balce was primarily engaged in exempt duties while he was employed. Under California law, primarily means more than fifty percent of the employee's worktime is spent engaging in exempt duties. Cal. Labor Code § 515(e); *Ramirez v. Yosemite Water Co., Inc.*, 20 Cal. 4th 785, 798 n.4 (1999). Lucky Chances also submits evidence which creates a question of material fact as to whether Balce spent more than fifty percent of his worktime engaging in exempt duties. (Perofeta Decl., ¶¶ 3, 5, 7-13; Soi

6

Decl., ¶¶ 5-10; Declaration of Oscar Pantaleon, ¶¶ 5, 7, 8, 9; Declaration of Melvin S. Young, ¶¶ 3-24; Declaration of Sam Failauga, ¶¶ 4-10; Declaration of Joseph Spooner, ¶¶ 4-15; Scott Decl., ¶¶ 6, 7(f), 8; Chatman Decl., Ex. 4.) Accordingly, the Court denies Balce's motion for summary adjudication as to whether he met the requirements of an exempt employee while working at Lucky Chances.

## CONCLUSION

For the foregoing reasons, the Court denies the parties' cross-motions for summary adjudication.

**IT IS SO ORDERED.**

Dated: February 28, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE