United States District Court

For the Northern District of California

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   WILFREDO BALCE,

10          Plaintiff,                        No. C 07-01090 JSW

11   v.                                       **PROPOSED PRELIMINARY
                                             JURY INSTRUCTIONS**
12   LUCKY CHANCES, INC,

13          Defendant.

14   _____/

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DUTY OF JURY**

Ladies and gentlemen: You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

United States District Court

For the Northern District of California

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits which are received into evidence; and

3.    any facts to which the lawyers stipulate.

**WHAT IS NOT EVIDENCE**

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

1.    statements and arguments of the attorneys;

2.    questions and objections of the attorneys;

3.    testimony that I instruct you to disregard; and

4.    anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

United States District Court
For the Northern District of California

1

**EVIDENCE FOR LIMITED PURPOSE**

2            Some evidence may be admitted for a limited purpose only.  When I instruct you that an

3     item of evidence has been admitted for a limited purpose, you must consider it only for that

4     limited purpose and for no other.

United States District Court

For the Northern District of California

1

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

2        Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such

3   as testimony by a witness about what that witness personally saw or heard or did.

4   Circumstantial evidence is proof of one or more facts from which you could find another fact.

5   You should consider both kinds of evidence.  The law makes no distinction between the weight

6   to be given to either direct or circumstantial evidence.  It is for you to decide how much weight

7   to give to any evidence.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

**RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.     the opportunity and ability of the witness to see or hear or know the things testified to;

2.     the witness' memory;

3.     the witness' manner while testifying;

4.     the witness' interest in the outcome of the case and any bias or prejudice;

5.     whether other evidence contradicted the witness' testimony;

6.     the reasonableness of the witness' testimony in light of all the other evidence; and

7.     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

**IMPEACHMENT EVIDENCE—WITNESS**

      The evidence that a witness [e.g., has been convicted of a crime, lied under oath on a prior occasion, etc.] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

# EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**United States District Court**
For the Northern District of California

**CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, you are not to discuss the case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you.  If anyone approaches you and tries to talk to you about the case please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to my Courtroom Deputy to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.  Keep an open mind until then.

**NO TRANSCRIPT AVAILABLE TO JURY**

At the end of the trial, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

**TAKING NOTES**

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the courtroom.

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

1

**QUESTIONS TO WITNESSES BY JURORS**

2       While it is not customary for a juror to ask a question of a witness, if you wish to do so, put

3   the question in writing and hand it to the clerk.

4       The Court and counsel will review your questions.  Do not be concerned if the question is

5   not asked.

6       Do not discuss your question with anyone, including the clerk.  Remember that you are not

7   to discuss the case with other jurors until it is submitted for your decision.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court

For the Northern District of California

**FAIR LABOR STANDARD ACT (29 U.S.C. Sec 216)**

Plaintiff Wilfredo Balce's first claim arises under the Fair Labor Standards Act, a federal law that provides for the payment of time-and-a-half overtime pay.  Mr. Balce claims that defendant Lucky Chances, Inc. did not pay him the legally required overtime pay.

To prevail on this claim, Mr. Balce must prove each of the following by preponderance of the evidence:

First, that Lucky Chances employed Mr. Balce during the time period involved;

Second, that Lucky Chances was engaged in commerce or the production of goods for commerce; and

Third, that Lucky Chances failed to pay Mr. Balce overtime pay required by law.


The term "commerce" has a very broad meaning and includes any trade, commerce, transportation, transmission or communication between any state and any place outside that state.

A person is considered to have been "engaged in the production of goods" if the person produced, manufactured, mined, handled, transported, or in any other manner worked on such goods or worked in any closely related process or occupation directly essential to the production of the goods.

The Fair Labor Standards Act requires an employer to pay its employees at least one and one-half times their regular rate for every hour worked in any one work week for every hour worked over 40 hours.  This is commonly known as time-and-a-half pay for "overtime" work.

An employee's regular rate is the basis for calculating any overtime pay due the employee.  The regular rate for a week is determined by dividing the first 40 hours worked in to the total wages paid for those 40 hours.  The overtime rate, then, is one and one-half times that rate.

If, after considering all of the evidence, you find that Mr. Balce has failed to prove one or more of the elements of his claim, your verdict must be for the defendant on this claim.

**United States District Court**
For the Northern District of California

1       Even if Mr. Balce has proven the elements of his claim, you must return a verdict for

2  Lucky Chances if it proves by a preponderance of the evidence that Mr. Balce was exempt from

3  the overtime pay law.

4       If however, you find that Mr. Balce has proved by a preponderance of the evidence all

5  of the elements of his claim, and Lucky Chances has failed to establish its claim that Mr. Balce

6  is exempt from the overtime pay law, then your verdict must be for Mr. Balce and you must

7  determine the damages that he is entitled to recover.

8       The measure of damages is the difference between what the employer should have paid

9  the employee under the law and the amount that you find the employer actually paid.

**United States District Court**

For the Northern District of California

**FLSA EXEMPTION FROM OVERTIME**

In its defense, Lucky Chances claims that even if you should find that Mr. Balce has proved all the necessary elements of his claim, the overtime law does not apply because Mr. Balce is exempt from the Fair Labor Standards Act's overtime requirements.  Lucky Chances has the burden to prove Mr. Balce is exempt from receiving compensation for overtime. Whether an employee is exempt is determined by the employee's job duties.

United States District Court

For the Northern District of California

**EXECUTIVE EXEMPTION: DUTIES AND RESPONSIBILITIES**

Lucky Chances contends Mr. Balce meets the requirements of the executive exemption

An employee meets the requirements of the executive exemption under the Fair Labor

Standards Act if:

    (1)    He has the "primary duty" of management of the enterprise in which he is

              employed or of a customarily recognized department or subdivision thereof:

    (2)    He must customarily and regularly direct the work of two or more other

              employees; and

    (3)    He must have the authority to hire or fire other employees or have particular

              weight given to suggestions and recommendations as to the hiring, firing,

              advancement, promotion or any other change in status of other employees.

**United States District Court**
For the Northern District of California

18

United States District Court
For the Northern District of California

### CALIFORNIA LABOR CODE FAILURE TO PAY OVERTIME

Mr. Balce also claims he is owed overtime under the California law.  Whether an employee is entitled to receive overtime under California law is different then the FLSA.  Thus, it is possible for Mr. Balce to not be entitled to overtime under the Fair Labor Standards Act, but still be entitled to overtime under California law.

To establish his claim for overtime under California law, Mr. Balce must prove all of the following:

1.      That Mr. Balce performed work for Lucky Chances, Inc.;

2.      That Mr. Balce worked overtime hours;

3.      That Mr. Balce was not paid for some or all of the overtime hours worked; and

4.      The amount of overtime pay owed.

Under California law, overtime hours are the hours worked in excess of eight (8) hours per day and forty (40) hours per week.  Overtime pay is one and a half (1.5) times the employee's regular rate.  However, if an employee works in excess of twelve (12) hours in one day, the overtime rate is double the employee's regular rate.  The regular rate is determined by dividing the employee's total wages earned during a week by 40 hours.  An employee is entitled to be paid the legal overtime pay rate even if he or she agrees to work for a lower rate.

If you find that Mr. Balce has proved by a preponderance of the evidence all of the elements of his claim, and Lucky Chances fails to prove its claim Mr. Balce was exempt from the overtime pay law, then your verdict must be for Mr. Balce and you must determine that damages that the plaintiff is entitled to recover.

The measure of damages is the difference between what the employer should have paid the employee under the law and the amount that you find the employer actually paid.

**United States District Court**
For the Northern District of California

**EMPLOYER'S DUTY TO KEEP ACCURATE RECORDS**

California law requires employers to keep payroll records showing the hours worked by and wages paid to employees. If Lucky Chances did not keep accurate records of the hours worked by Mr. Balce, then Mr. Balce may prove the number of overtime hours worked by making a reasonable estimate of those hours. In determining the amount of overtime hours worked, you may consider Mr. Balce's estimate of the number of overtime hours worked and any evidence presented by Lucky Chances that Mr. Balce's estimate is unreasonable.

1

**CALIFORNIA EXECUTIVE EXEMPTION**

2      In its defense, Lucky Chances claims that even if you should find Mr. Balce has proved

3   all the necessary elements of his claim, the overtime law does not apply because Mr. Balce is

4   exempt from those requirements.

5      The exemption claimed by Lucky Chances is the executive exemption.  The executive

6   exemption is defined differently under California law than it is under the Fair Labor Standards

7   Act.  Thus, it is possible for Mr. Balce to be exempt under the Fair Labor Standards Act, but not

8   exempt under California law.  To prove Mr. Balce is exempt under California law, the Lucky

9   Chances must prove each of the following:

10      1.   Mr. Balce's duties and responsibilities involve the management of the enterprise

11          in which he is employed or of a customarily recognized department or

12          subdivision thereof;

13      2.   Mr. Balce customarily and regularly directs the work of two or more other

14          employees therein;

15      3.   Mr. Balce had the authority to hire or fire other employees or whose suggestions

16          and recommendations as to the hiring or firing and as to the advancement and

17          promotion or any other change of status of other employees were given

18          particular weight;

19      4.   Mr. Balce customarily and regularly exercised discretion and independent

20          judgment; and

21      5.   Mr. Balce spent over fifty percent (50%) of his time working engaged in duties

22          which meet the test of the exemption.

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**CALIFORNIA LABOR CODE PRIMARY DUTY**

Under California law, an employee's primary duty is determined quantitatively, meaning if you find plaintiff spent more than one-half his work time performing non-exempt job duties, the employee is not exempt.

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

**CALIFORNIA LABOR CODE FAILURE TO PROVIDE ACCURATE ITEMIZED
STATEMENTS**

The California Labor code required employers to provide non-exempt employees with itemized statements that show the total number of hours worked, total amount of overtime earned, and the total amount of wages earned.  Mr. Balce claims Lucky Chances failed to provide him with itemized statements showing the total number of hours worked, total amount of overtime earned, and total amount of wages earned.  If you find that Mr. Balce was a non-exempt employee and that he has established that Lucky Chances did not provide wage statements that accurately set forth the number of hours he worked, total overtime earned, and total wages earned, Mr. Balce is entitled to recover $50 for the first pay period, and $100 for each subsequent pay period where he did not receive an accurate itemized statement up to a maximum of $4,000.00.

**United States District Court**
For the Northern District of California

1    **CALIFORNIA LABOR CODE FAILURE TO PROVIDE MEAL PERIODS**

2         Mr. Balce also claims he was denied meal periods as required under California law.

3    Employees who are not exempt, who work in over six (6) hours in a day, are required to take at

4    least a thirty (30) minute meal period. To establish his claim for meal periods, plaintiff must

5    establish he did not receive a valid meal period as required by California law.

6         To be considered a valid meal period it must be shown:

7    1.    Mr. Balce was not subject to the control of the employer and free to leave the

8          employer's premises and attend to his/her own personal affairs; and

9    2.    The meal period was at least thirty (30) uninterrupted minutes, meaning Mr.

10         Balce did not perform any work during the meal period.

11        If Mr. Balce was not provided a valid meal period, Mr. Balce is entitled to recover one

12   (1) hour of pay at his regular rate of pay for each workday that the meal period was not

13   provided.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CALIFORNIA LABOR CODE FAILURE TO AUTHORIZE OR PERMIT**

**REST PERIODS**

Mr. Balce also claims Lucky Chances did not authorize or permit rest breaks as required under California law.  Employees who are not exempt must be authorized or permitted to take an uninterrupted ten (10) minute rest period for every four (4) hours worked. If Lucky Chances failed to authorize or permit rest periods, plaintiff is entitled to recover one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest break was not authorized or permitted.

**United States District Court**

For the Northern District of California

25

**United States District Court**
For the Northern District of California

# CALIFORNIA LABOR CODE WAITING TIME PENALTIES

If you decide that Wilfredo Balce has proved his claim against Lucky Chances for unpaid overtime under the Fair Labor Standards Act; unpaid overtime under California law, failure to provide meal breaks, or failure to authorize and permit rest breaks, then Wilfredo Balce may be entitled to receive an award of a civil penalty based on the number of days Lucky Chances, Inc. failed to pay his wages when due.

To recover the civil penalty, Wilfredo Balce must prove all of the following:

1.    That Lucky Chances, Inc. failed to pay all wages due on the date he was terminated;

2.    Wilfredo Balce's daily wage rate at the time his employment ended; and

3.    That Lucky Chances, Inc. willfully failed or refused to pay these wages.

If Mr. Balce proves all of these elements by the preponderance of the evidence, he is entitled to recover waiting time penalties equal to his daily wage for each day his wages were denied up to a maximum of thirty (30) days.

1    **NO WAITING TIME PENALTIES WHERE GOOD FAITH DISPUTE EXISTS**

2

3         A failure to pay wages is not willful if the employer had a good faith mistaken belief

4    that the wages were not owed.  If Lucky Chances proves that it had a good faith belief that no

5    wages were due to Mr. Balce, waiting time penalties cannot be imposed.

United States District Court

For the Northern District of California

**OUTLINE OF TRIAL**

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

1

**DEPOSITIONS**

2          One or both of the parties may present excerpts of videotaped depositions in their

3   opening statements.  A deposition is the sworn testimony of a witness taken before trial.  The

4   witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The

5   questions and answers are recorded.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**

For the Northern District of California

**STIPULATIONS OF FACT**

The parties have agreed to certain facts that have been stated to you.  You should therefore treat these facts as having been proved.

United States District Court

For the Northern District of California

**BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

United States District Court

For the Northern District of California

31

**BURDEN OF PROOF - CLEAR AND CONVINCING EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable.  Such evidence requires a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

United States District Court

For the Northern District of California

32

**BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

We will, of course, do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Dated: August 8, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE