IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILFREDO BALCE,

        Plaintiff,

   v.

LUCKY CHANCES, INC,

        Defendant.

_____/

No. C 07-01090 JSW

**PROPOSED FINAL JURY INSTRUCTIONS**

**United States District Court**

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DUTY OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case.  A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you. or do during the trial as indicating what I think of the evidence or what your verdict should be.

2

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the lawyers stipulate.

**United States District Court**

For the Northern District of California

**WHAT IS NOT EVIDENCE**

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

1. statements and arguments of the attorneys;

2. questions and objections of the attorneys;

3. testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

4. anything you may have seen or heard when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

**United States District Court**
For the Northern District of California

4

**United States District Court**
For the Northern District of California

1

2

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

3        Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such

4   as testimony by a witness about what that witness personally saw or heard or did.

5   Circumstantial evidence is proof of one or more facts from which you could find another fact.

6   You should consider both kinds of evidence.  The law makes no distinction between the weight

7   to be given to either direct or circumstantial evidence.  It is for you to decide how much weight

8   to give any evidence.

9        By way of example, if you wake up in the morning and see that the sidewalk is wet, you

10  may find from that fact that it rained during the night. However, other evidence, such as a

11  turned on garden hose, may provide a different explanation for the presence of water on the

12  sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence,

13  you must consider all the evidence in the light of reason, experience, and common sense.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.      the opportunity and ability of the witness to see or hear or know the things testified to;

2.      the witness' memory;

3.      the witness' manner while testifying;

4.      the witness' interest in the outcome of the case and any bias or prejudice;

5.      whether other evidence contradicted the witness' testimony;

6.      the reasonableness of the witness' testimony in light of all the other evidence; and

7.      any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

**United States District Court**
For the Northern District of California

6

**EXPERT OPINION**

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

**CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1

2

## FAIR LABOR STANDARD ACT (29 U.S.C. Sec 216)

3    Plaintiff Wilfredo Balce's first claim arises under the Fair Labor Standards Act, a

4    federal law that provides for the payment of time-and-a-half overtime pay.  Mr. Balce claims

5    that defendant Lucky Chances, Inc. did not pay him the legally required overtime pay.

6    To prevail on this claim, Mr. Balce must prove each of the following by preponderance

7    of the evidence:

8    First, that Lucky Chances employed Mr. Balce during the time period involved;

9    Second, that Lucky Chances was engaged in commerce or the production of goods for

10   commerce; and

11   Third, that Lucky Chances failed to pay Mr. Balce overtime pay required by law.

12

13   The term "commerce" has a very broad meaning and includes any trade, commerce,

14   transportation, transmission or communication between any state and any place outside that

15   state.

16   A person is considered to have been "engaged in the production of goods" if the person

17   produced, manufactured, mined, handled, transported, or in any other manner worked on such

18   goods or worked in any closely related process or occupation directly essential to the production

19   of the goods.

20   The Fair Labor Standards Act requires an employer to pay its employees at least one and

21   one-half times their regular rate for every hour worked in any one work week for every hour

22   worked over 40 hours.  This is commonly known as time-and-a-half pay for "overtime" work.

23   An employee's regular rate is the basis for calculating any overtime pay due the

24   employee.  The regular rate for a week is determined by dividing the first 40 hours worked in to

25   the total wages paid for those 40 hours.  The overtime rate, then, is one and one-half times that

26   rate.

27   If, after considering all of the evidence, you find that Mr. Balce has failed to prove one

28   or more of the elements of his claim, your verdict must be for the defendant on this claim.

Even if Mr. Balce has proven the elements of his claim, you must return a verdict for Lucky Chances if it proves by a preponderance of the evidence that Mr. Balce was exempt from the overtime pay law.

If however, you find that Mr. Balce has proved by a preponderance of the evidence all of the elements of his claim, and Lucky Chances has failed to establish its claim that Mr. Balce is exempt from the overtime pay law, then your verdict must be for Mr. Balce and you must determine the damages that he is entitled to recover.

The measure of damages is the difference between what the employer should have paid the employee under the law and the amount that you find the employer actually paid.

**United States District Court**
For the Northern District of California

1
2

**FLSA EXEMPTION FROM OVERTIME**

3
4
5
6
7

      In its defense, Lucky Chances claims that even if you should find that Mr. Balce has proved all the necessary elements of his claim, the overtime law does not apply because Mr. Balce is exempt from the Fair Labor Standards Act's overtime requirements.  Lucky Chances has the burden to prove Mr. Balce is exempt from receiving compensation for overtime. Whether an employee is exempt is determined by the employee's job duties.

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court

For the Northern District of California

## EXECUTIVE EXEMPTION: DUTIES AND RESPONSIBILITIES

Lucky Chances contends Mr. Balce meets the requirements of the executive exemption An employee meets the requirements of the executive exemption under the Fair Labor Standards Act if:

(1)    He has the "primary duty" of management of the enterprise in which he is employed or of a customarily recognized department or subdivision thereof;

(2)    He must customarily and regularly direct the work of two or more other employees; and

(3)    He must have the authority to hire or fire other employees or have particular weight given to suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change in status of other employees.

1

**EXECUTIVE EXEMPTION: DEFINITION OF "PRIMARY DUTY"**

2

3        Under the Fair Labor Standards Act, an employee's "primary duty" means the principal,

4  main, major or most important duty that the employee performs. Determination of an

5  employee's primary duty must be based on all the facts in a particular case, with the major

6  emphasis on the character of the employee's job as a whole. Factors to consider when

7  determining the primary duty of an employee include, but are not limited to, the relative

8  importance of the exempt duties as compared with other types of duties; the amount of time

9  spent performing exempt work; the employee's relative freedom from direct supervision; and

10  the relationship between the employee's salary and the wages paid to other employees for the

11  kind of nonexempt work performed by the employee.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1    **EXECUTIVE EXEMPTION: DEFINITION OF "MANAGEMENT"**

2

3        Generally, "management" includes activities such as:

4        (1)  interviewing, selecting, and training of employees;

5        (2)  setting and adjusting their rates of pay and hours of work;

6        (3)  directing the work of employees;

7        (4)  maintaining production or sales records for use in supervision or control;

8        (5)  appraising employees' productivity and efficiency for the purpose of recommending

9    promotions or other changes in status;

10       (6)  handling employee complaints and grievances;

11       (7)  disciplining employees;

12       (8)  planning the work;

13       (9)  determining the techniques to be used;

14       (10)  apportioning the work among the employees;

15       (11)  determining the type of materials, supplies, machinery, equipment or tools to be

16   used or merchandise to be bought, stocked and sold;

17       (12)  controlling the flow and distribution of materials or merchandise and supplies;

18       (13)  providing for the safety and security of the employees or the property; planning

19   and controlling the budget; and

20       (14)  monitoring or implementing legal compliance measures.

21

22

23

24

25

26

27

28

United States District Court

For the Northern District of California

**EXECUTIVE EXEMPTION: DEFINITION OF "A CUSTOMARILY RECOGNIZED DEPARTMENT OR SUBDIVISION"**

The phrase "a customarily recognized department or subdivision" is intended to distinguish between a mere collection of employees assigned from time to time to a specific job or series of jobs and a unit with permanent status and functions.   A customarily recognized department or subdivision must have a permanent status and a continuing function.  For example, a large employer's human resources department might have subdivision for labor relations, pensions and other benefits, equal employment opportunity, and personnel management, each of which has a permanent status and function.

When an enterprise has more than one establishment, the employee in charge of each establishment may be considered in charge of a recognized subdivision of the enterprise. A recognized department or subdivision need not be physically within the employer's establishment and may move from place to place.  The mere fact that the employee works in more than one location does not invalidate the exemption if other factors show that the employee is actually in charge of a recognized unit with a continuing function in the organization.

Continuity of the same subordinate personnel is not essential to the existence of a recognized unit with a continuing function.  An otherwise exempt employee will not lose the exemption merely because the employee draws and supervises workers from a pool or supervises a team or workers drawn from other recognized units, if other factors are present that indicate that the employee is in charge of a recognized unit with a continuing function.

**EXECUTIVE EXEMPTION: DEFINITION OF "PARTICULAR WEIGHT"**

To determine whether an employee's suggestions and recommendations are given "particular weight," factors to be considered include, but are not limited to, whether it is part of the employee's job duties to make such suggestions and recommendations; the frequency with which such suggestions and recommendations are made or requested; and the frequency with which the employee's suggestions and recommendations are relied upon.  Generally, an executive's suggestions and recommendations must pertain to employees whom the executive customarily and regularly directs.  It does not include an occasional suggestion with regard to the change in status of a co-worker.  An employee's suggestions and recommendations may still be deemed to have "particular weight" even if a higher level manager's recommendation has more importance and even if the employee does not have authority to make the ultimate decision as to the employee's change in status.

**United States District Court**
For the Northern District of California

**CALIFORNIA LABOR CODE: FAILURE TO PAY OVERTIME**

Mr. Balce also claims he is owed overtime under the California law.  Whether an employee is entitled to receive overtime under California law is different then the FLSA.  Thus, it is possible for Mr. Balce to not be entitled to overtime under the Fair Labor Standards Act, but still be entitled to overtime under California law.

To establish his claim for overtime under California law, Mr. Balce must prove all of the following:

      1.     That Mr. Balce performed work for Lucky Chances, Inc.;

      2.     That Mr. Balce worked overtime hours;

      3.     That Mr. Balce was not paid for some or all of the overtime hours worked; and

      4.     The amount of overtime pay owed.

Under California law, overtime hours are the hours worked in excess of eight (8) hours per day and forty (40) hours per week.  Overtime pay is one and a half (1.5) times the employee's regular rate.  However, if an employee works in excess of twelve (12) hours in one day, the overtime rate is double the employee's regular rate.  The regular rate is determined by dividing the employee's total wages earned during a week by 40 hours.  An employee is entitled to be paid the legal overtime pay rate even if he or she agrees to work for a lower rate.

If you find that Mr. Balce has proved by a preponderance of the evidence all of the elements of his claim, and Lucky Chances fails to prove its claim Mr. Balce was exempt from the overtime pay law, then your verdict must be for Mr. Balce and you must determine that damages that the plaintiff is entitled to recover.

The measure of damages is the difference between what the employer should have paid the employee under the law and the amount that you find the employer actually paid.

**EMPLOYER'S DUTY TO KEEP ACCURATE RECORDS**

California law requires employers to keep payroll records showing the hours worked by and wages paid to employees.  If Lucky Chances did not keep accurate records of the hours worked by Mr. Balce, then Mr. Balce may prove the number of overtime hours worked by making a reasonable estimate of those hours.  In determining the amount of overtime hours worked, you may consider Mr. Balce's estimate of the number of overtime hours worked and any evidence presented by Lucky Chances that Mr. Balce's estimate is unreasonable.

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

# CALIFORNIA EXECUTIVE EXEMPTION

In its defense, Lucky Chances claims that even if you should find Mr. Balce has proved all the necessary elements of his claim, the overtime law does not apply because Mr. Balce is exempt from those requirements.

The exemption claimed by Lucky Chances is the executive exemption. The executive exemption is defined differently under California law than it is under the Fair Labor Standards Act. Thus, it is possible for Mr. Balce to be exempt under the Fair Labor Standards Act, but not exempt under California law. To prove Mr. Balce is exempt under California law, the Lucky Chances must prove each of the following:

1.  Mr. Balce's duties and responsibilities involve the management of the enterprise in which he is employed or of a customarily recognized department or subdivision thereof;

2.  Mr. Balce customarily and regularly directs the work of two or more other employees therein;

3.  Mr. Balce had the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring or firing and as to the advancement and promotion or any other change of status of other employees were given particular weight;

4.  Mr. Balce customarily and regularly exercised discretion and independent judgment; and

5.  Mr. Balce spent over fifty percent (50%) of his time working engaged in duties which meet the test of the exemption.

1

2

**CALIFORNIA LABOR CODE: PRIMARY DUTY**

3        Under California law, an employee's primary duty is determined quantitatively,

4   meaning if you find plaintiff spent more than one-half his work time performing non-exempt

5   job duties, the employee is not exempt.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court

For the Northern District of California

**CALIFORNIA LABOR CODE: DISCRETION AND INDEPENDENT JUDGMENT**

The exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct and acting or making a decision after the various possibilities have been considered.  This implies that the person has the authority or power to make an independent choice, free from immediate direction or supervision and with respect to matters of significance.  The term must be applied in the light of all the facts involved in the particular employment situation in which the question arises.

A distinction must also be made between the exercise of discretion and independent judgment with respect to matters of consequence and the cases where serious consequences may result from the negligence of an employee, the failure to follow instruction or procedures, the improper application of skills, or the choice of the wrong techniques.

United States District Court

For the Northern District of California

**CALIFORNIA LABOR CODE: FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS**

The California Labor code required employers to provide non-exempt employees with itemized statements that show the total number of hours worked, total amount of overtime earned, and the total amount of wages earned.  Mr. Balce claims Lucky Chances failed to provide him with itemized statements showing the total number of hours worked, total amount of overtime earned, and total amount of wages earned.  If you find that Mr. Balce was a non-exempt employee and that he has established that Lucky Chances did not provide wage statements that accurately set forth the number of hours he worked, total overtime earned, and total wages earned, Mr. Balce is entitled to recover $50 for the first pay period, and $100 for each subsequent pay period where he did not receive an accurate itemized statement up to a maximum of $4,000.00.

1

**CALIFORNIA LABOR CODE: FAILURE TO PROVIDE MEAL PERIODS**

2

3      Mr. Balce also claims he was denied meal periods as required under California law.

4  Employees who are not exempt, who work in over six (6) hours in a day, are required to take at

5  least a thirty (30) minute meal period. To establish his claim for meal periods, plaintiff must

6  establish he did not receive a valid meal period as required by California law.

7      To be considered a valid meal period it must be shown:

8      1.      Mr. Balce was not subject to the control of the employer and free to leave the

9              employer's premises and attend to his/her own personal affairs; and

10     2.      The meal period was at least thirty (30) uninterrupted minutes, meaning Mr.

11             Balce did not perform any work during the meal period.

12     If Mr. Balce was not provided a valid meal period, Mr. Balce is entitled to recover one

13 (1) hour of pay at his regular rate of pay for each workday that the meal period was not

14 provided.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

### CALIFORNIA LABOR CODE: FAILURE TO AUTHORIZE OR PERMIT REST BREAKS

Mr. Balce also claims Lucky Chances did not authorize or permit rest breaks as required under California law.  Employees who are not exempt must be authorized or permitted to take an uninterrupted ten (10) minute rest period for every four (4) hours worked.

If Lucky Chances failed to authorize or permit rest periods, plaintiff is entitled to recover one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest break was not authorized or permitted.

United States District Court
For the Northern District of California

1

2

### CALIFORNIA LABOR CODE: WAITING TIME PENALTIES

3        If you decide that Wilfredo Balce has proved his claim against Lucky Chances for

4   unpaid overtime under the Fair Labor Standards Act; unpaid overtime under California law,

5   failure to provide meal breaks, or failure to authorize and permit rest breaks, then Wilfredo

6   Balce may be entitled to receive an award of a civil penalty based on the number of days Lucky

7   Chances, Inc. failed to pay his wages when due.

8        To recover the civil penalty, Wilfredo Balce must prove all of the following:

9        1.      That Lucky Chances, Inc. failed to pay all wages due on the date he was

10               terminated;

11       2.      Wilfredo Balce's daily wage rate at the time his employment ended; and

12       3.      That Lucky Chances, Inc. willfully failed or refused to pay these wages.

13       If Mr. Balce proves all of these elements by the preponderance of the evidence, he is

14   entitled to recover waiting time penalties equal to his daily wage for each day his wages were

15   denied up to a maximum of thirty (30) days.

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court

For the Northern District of California

**NO WAITING TIME PENALTIES WHERE GOOD FAITH DISPUTE EXISTS**

A failure to pay wages is not willful if the employer had a good faith mistaken belief that the wages were not owed.  If Lucky Chances proves that it had a good faith belief that no wages were due to Mr. Balce, waiting time penalties cannot be imposed.

**DEPOSITION AS SUBSTANTIVE EVIDENCE**


When a person is unavailable to testify at trial, the deposition of what person may be used at the trial.  A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.

The deposition of Lucky Chance's representative, Michael Scott, was presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**STIPULATIONS OF FACT**

The parties have agreed to certain facts that have been stated to you.  You should therefore treat these facts as having been proved.  The following facts are to be treated as having been proved:

Stipulated Fact No. 1:

Lucky Chances was engaged in commerce of the production of goods for commerce during Mr. Balce's employment at Lucky Chances, Inc.

Stipulated Fact No. 2:

During his employment at Lucky Chances, Inc., Mr. Balce earned a monthly equivalent of no less than two times the state minimum wage for full time employment.

**United States District Court**
For the Northern District of California

# JUDICIAL NOTICE

The court has decided to accept as proved the facts that (1) the minimum wage in California was $6.75 per hour from January 1, 2002 until January 1, 2007 and (2) California Business and Professions Code section 19805, subsection (w) defines "key employee" as follows:

> "Key Employee" means any natural person employed in the operation of a gambling enterprise in a enterprise in a supervisory capacity or empowered to make discretionary decisions that regulate gambling operations, including, without limitation, pit bosses, shift bosses, credit executives, cashier operations supervisors, gambling operation managers and assistant managers, managers or supervisors or security employees, or any other natural person designated as a key employee by the department for reasons consistent with the policies of this chapter.

You must accept these facts as true even though no evidence has been introduced on the subjects. This is called "judicial notice," which refers to the court's recognition of the existence of factual matters not subject to reasonable dispute.

The parties have agreed that there has been no issue in this case as to whether Lucky Chances appropriately characterized any of its employees as a key employee under the above law.

**BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

1

2

**BURDEN OF PROOF - CLEAR AND CONVINCING EVIDENCE**

3       When a party has the burden of proving any claim or affirmative defense by clear and

4  convincing evidence, it means you must be persuaded by the evidence that the claim or defense

5  is highly probable.  Such evidence requires a higher standard of proof than proof by a

6  preponderance of the evidence.

7       You should base your decision on all of the evidence, regardless of which party

8  presented it.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

31

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DAMAGES**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Mr. Balce on any of his claims, you must determine Mr. Balce's damages.  Mr. Balce has the burden of providing damages by a preponderance of the evidence. Damages means the amount of money which will reasonably and fairly compensate Mr. Balce for any injury you find was caused by Lucky Chances.  You should consider the following:

1.      The reasonable value of any overtime pay required by law.

2.      The number of days for which Mr. Balce was not provided meal periods multiplied by one (1) hour of pay at his regular rate of pay.

3.      The number of days for which Mr. Balce was not provided rest breaks multiplied by one (1) hour of pay at his regular rate of pay.

4.      Waiting time penalties as required by law.  Waiting time penalties may be equal to Mr. Balce's daily wage for each day his wages were denied up to a maximum of thirty (30) days.

Mr. Balce has the burden of proving damages by a preponderance of the evidence, and it is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### ELECTION OF FOREPERSON – SPECIAL VERDICT

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesperson here in Court. A form of Special Verdict has been prepared for your convenience. You will take this form to the jury room.

The answer to each question must be the unanimous answer of the jury. Your foreperson will write the unanimous answer of the jury in the space provided below each question. When you have finished the Special Verdict form, your foreperson, sign and date it, and advise the court that you are ready to return to the courtroom.

**DUTY TO DELIBERATE**

You shall discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**USE OF NOTES**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk or court security officer, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

Dated: August 27, 2008

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California